1

2

3

4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8   UNITED STATES OF AMERICA,                    No. CR-05-0621 WHA (JCS)

9            Plaintiff(s),

10       v.
                                                 **DETENTION ORDER**
11   DAVID STEVENS,

12           Defendant(s).
     _____/
13

14       This matter came on before the Court for a detention hearing on March 17, 2006, at

15   10:30 a.m.  Joseph A. Fazioli appeared as counsel for the United States of America.  Josh Cohen

16   appeared for the Defendant.  Defendant, David Stevens, and an United States Pretrial Services

17   Officer were present.  On March 1, 2006, Pretrial Services filed a Memorandum which sought a

18   review of alleged violations by Defendant of the conditions of his pretrial release.

19                              PROCEDURAL BACKGROUND

20       Defendant was charged with three counts of bank robbery, in violation of 18 U.S.C.

21   § 2113(a).  The maximum possible penalty for each of those offenses is 20 years in prison, a

22   $250,000 fine, three years of supervised release, and a $100 special assessment.  On September 29,

23   2005, Defendant executed a $100,000 bond, which was also signed by Defendant's mother and

24   father as sureties.  As is relevant to this proceeding, the bond provided that Defendant must reside in

25   "Centerpoint residential treatment 24 hours per day until further order of the Court."  Ultimately,

26   Pretrial Services contacted a different residential drug treatment program – Newbridge – and

27   Defendant was admitted to that program under the terms of his pretrial release.  Subsequently, on

28   November 29, 2005, Defendant entered a guilty plea as to all three counts of the indictment.

*United States District Court*
For the Northern District of California

**United States District Court**

For the Northern District of California

1  According to the Probation Department, the Guideline range for the offenses is from 63 to 78

2  months.

3       By memorandum dated March 1, 2006, Pretrial Services charged that Defendant had violated

4  the terms of his release in that he was being discharged involuntarily from the Newbridge program.

5  The Court scheduled a bail review hearing for March 3, 2006.  When Defendant did not appear, the

6  Court issued a bench warrant.  Defendant was arrested on March 3, 2006, and appeared at the

7  detention hearing on March 17, 2006.  At the hearing, Defendant made a motion for an evidentiary

8  hearing on factual allegations contained in the Pretrial Services memorandum.  The Court deferred

9  ruling on the motion, and required the parties to make simultaneous written proffers.  Simultaneous

10  written proffers were made by the Government and Defendant, and a supplemental memorandum

11  was received from Pretrial Services on March 24, 2006.  Reply memoranda were filed on March 27,

12  2006.

13                              FACTUAL FINDINGS

14       In addition to the written proffers of the parties, the Court has reviewed the following

15  materials: (1) the Pretrial Services report prepared on September 19, 2005; (2) the Presentence

16  Report prepared by the Probation Department in this case; and (3) memoranda from Pretrial Services

17  dated March 1, 2006, March 24, 2006, and March 28, 2006.  Based on a review of these materials,

18  the Court finds the following facts to be true.

19       1.     Defendant has been charged with and pled guilty to three counts of bank robbery, in

20  violation of 18 U.S.C. § 2113(a).  Each of those charges is a crime of violence within the meaning of

21  18 U.S.C. § 3142(f)(1)(a).  Each charge has a maximum penalty of twenty (20) years in prison.

22       2.     Defendant's prior criminal record includes two (2) felony convictions and five

23  misdemeanor convictions.

24       3.     Defendant has violated his probation or parole not less than five (5) times in the past.

25       4.     Defendant has longstanding mental health issues and substance abuse issues.  At the

26  time of his Pretrial Services interview, Defendant indicated that he was withdrawing from heroin.

27       5.     Defendant is homeless, and has limited ties to this community.  Ultimately,

28  Defendant's parents, who do not live in this jurisdiction, were willing to sign a bond on his behalf.

2

**United States District Court**
For the Northern District of California

1    6.    In 2002, Defendant was ordered confined to a residential treatment program.

2  However, after residing in the treatment program for a few months out of the six months ordered,

3  Defendant left the program and failed to contact his probation officer.  In 2003, Defendant was

4  ordered to enroll in a counseling program as a condition of probation for a felony drug offense.  A

5  bench warrant was ultimately issued when Defendant failed to enroll in the counseling program.  In

6  2004, Defendant absconded from supervision by the Santa Cruz County Superior Court.

7                    ALLEGED VIOLATION OF RELEASE CONDITIONS

8    The allegations regarding the violation of release conditions are set forth in detail in

9  memoranda dated March 1 and March 24, 2006, from Pretrial Services.  These allegations can be

10  usefully divided into two parts.  First, there are a number of allegations that are not disputed.

11  Accordingly, the Court finds the following facts to be true regarding the violations.

12    1.    Defendant was terminated from Newbridge on or about March 1, 2006.

13    2.    Pretrial Services Officer Silvio Lugo spoke with Defendant by telephone while

14  Defendant was still at Newbridge on March 1, 2006.  Officer Lugo explained to Defendant that

15  staying at Newbridge was a condition of his bond and he could not leave the program without prior

16  approval of the Court.  In response to Defendant's stated belief that as long as he showed up for

17  court appearances, his bond could not be revoked, Officer Lugo told Defendant that if he left

18  Newbridge without court permission, his bond could be revoked.  Officer Lugo explained that if

19  Defendant were terminated from the program, the Court would have to address the issue.  Officer

20  Lugo told Defendant to remain at Newbridge until "arrangements were made with the Court to

21  modify his bond."  Defendant told Officer Lugo that he understood and would "stay put at

22  Newbridge."

23    3.    On March 2, 2006, Newbridge personnel Suzanne Hicks advised Defendant that he

24  had a court appearance on March 3, 2006.

25    4.    Notwithstanding the specific instructions of the Pretrial Services Officer and the

26  conditions of his bond, Defendant left Newbridge without permission on March 2, 2006.  He was

27  arrested the next day.

28

3

United States District Court

For the Northern District of California

1    5.    On March 3, 2006, Defendant did not appear for bail review hearing, and a bench

2    warrant was issued.  At approximately the time of the hearing, Defendant left a voicemail message

3    for his counsel, indicating that he was on his way to court and was late.  Subsequently, Defendant

4    was arrested.

5    In addition to these uncontested facts, Pretrial Services alleged, based on information

6    provided by staff and clients at Newbridge, that Defendant engaged in conduct that indicates that he

7    is not amenable to supervision.  In summary, these allegations are as follows:

8    1.    That a client of Newbridge had witnessed Defendant kissing and stroking the hair of

9    a female resident who was sleeping on a couch.  This resulted in disciplinary consequences and the

10   instruction not to have any contact with the resident he had kissed.

11   2.    That on March 1, 2006, Defendant continued his inappropriate behavior by making

12   unwanted advances to an 18-year-old female resident.

13   3.    That Defendant struck another resident of the Newbridge program twice on the left

14   side of his head with a closed fist on March 2, 2006.

15   4.    That Defendant threatened another resident on the UC-Berkeley campus and took a

16   swing at that resident.

17   5.    That Defendant threatened another resident of Newbridge at a BART station on

18   March 3, 2006.

19   Defendant contests all of these five alleged violations.  Defendant asserts that until March 2,

20   2006, he was successful in the Newbridge program.  Defendant submits that the evidence will show

21   that he did not harass any female residents at Newbridge.  Defendant denies that he assaulted any

22   Newbridge resident, and, to the contrary, that his isolated and insignificant confrontation with a

23   fellow resident of Newbridge cannot justify detention in this case.  In particular, Defendant alleges

24   that he briefly impeded the progress of a fellow resident who was unjustifiably about to report that

25   Defendant had violated the program rules.  Defendant also alleges that the evidence will show that

26   he did not assault anyone on the UC-Berkeley campus, and that he was on his way to court on

27   March 3, 2006, when he was arrested.

28

4

**United States District Court**
For the Northern District of California

1

APPLICABLE LAW

2      Defendant's release is governed by 18 U.S.C. § 3143(a) because Defendant has pled guilty.

3  In particular, both 3143(a)(1) and (2) require that Defendant be detained unless, inter alia, "the

4  judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a

5  danger to the safety of any other person or the community."[1]

6      While this proceeding arises out of an allegation of a violation of release conditions under 18

7  U.S.C. § 3148, § 3143 sets the standard to be applied by the courts. In particular, under § 3148,

8  where the court finds by clear and convincing evidence that the person has violated a condition of

9  release, other than by committing a crime, the court must order detention if there are no conditions

10  that would assure that the defendant would not flee or pose a danger to the community. Under

11  § 3143, the defendant must show that there are such conditions by clear and convincing evidence.

12                          A MOTION FOR EVIDENTIARY HEARING

13      A motion for an evidentiary hearing is DENIED.

14      The Court rejects Defendant's argument that he has a right under *Crawford v. Washington*,

15  541 U.S. 36 (2004) under the Sixth Amendment to call and cross-examine witnesses against him in a

16  detention hearing. No court has held that a detention hearing is a "criminal prosecution" to which

17  the Sixth Amendment applies. Indeed, the Ninth Circuit has specifically held that a defendant has

18  no right to cross-examine witnesses not called to testify in a detention hearing. *United States v.*

19  *Winsor*, 785 F.2d 755, 756 (1986). Rather, the government may "proceed in a detention hearing by

20  proffer or hearsay." *Id.* This is consistent with the provisions of § 3142(f), which provides for a

21  limited right to cross-examine "witnesses who appear at the hearing." 18 U.S.C. § 3142(f). *See also*

22

---

23      [1] This case appears to be governed by § 3143(a)(2), which requires detention, pending
imposition of sentence, unless two conditions are attained: (1) either there is a substantial likelihood that
24  a motion for acquittal or new trial will be granted, or an attorney for the government has recommended
no imprisonment, and (2) that the defendant is not likely to flee or pose a danger to anyone in the
25  community. Bank robbery is a crime of violence under § 3142(f)(1)(a) and, in the circumstances of this
case, there cannot be any showing that motion for acquittal or new trial would be granted, or that the
26  government has recommended no sentence of imprisonment. The statute therefore appears to mandate
detention. However, neither at the hearing nor in the papers has the Government relied on this section
27  of the statute. Rather, the Government argues only that Defendant cannot meet his burden of showing
by clear and convincing evidence that he will not flee or pose a danger to the community. Accordingly,
28  the Court addresses that test in the text of this Order.

5

**United States District Court**
For the Northern District of California

1    *United States v. Hall*, 419 F.3d 980 (9th Cir. 2005) (Sixth Amendment does not apply to revocation

2    hearing on supervised release).

3        In some proceedings other than trial, however, there may be a due process right to cross-

4    examine adverse witnesses. *See United States v. Comido*, 177 F.3d 1166, 1170-1171 (9th Cir. 1999)

5    (court required to weigh defendant's right to confrontation against the government's cause for

6    denying right to confrontation in connection with alleged violation of supervised release to

7    determine whether due process permitted admission of hearsay testimony).  The circuit, however,

8    has not applied this test to hearings ordered pursuant to 18 U.S.C. §§ 3142 and 3143.

9        The Court need not decide whether due process might, in some other case, require an

10    evidentiary hearing in connection with a pretrial detention.  The Court does not rely, in deciding this

11    Motion, on any of the allegations made by Pretrial Services with which Defendant takes issue.

12    Rather, the Court relies only on those portions of the Pretrial Services memoranda that reflect facts

13    which are either (1) specifically witnessed by the Pretrial Services officer in question, or (2) are not

14    contested by Defendant.  Even if cross-examination were required by due process in some detention

15    matters, it is not required here.  Defendant's proffer does not contest the evidence on which the

16    Court relies.  Accordingly, an evidentiary hearing is not required by the Due Process Clause.

17                      CONCLUSIONS OF LAW

18       1.      The Court finds by clear and convincing evidence that Defendant has violated the

19    conditions of his release that required him to remain 24 hours per day in a residential treatment

20    facility until further order of the Court.  After being advised on March 1, 2006, that he could be

21    terminated from the Newbridge program, Defendant was specifically instructed by a Pretrial

22    Services officer to remain at Newbridge until the Court addressed his bond.  Nonetheless, on March

23    2, 2006, Defendant left the program.

24       2.      Defendant has not met his burden of proving by clear and convincing evidence that

25    he is not likely to flee or pose a danger to the community.  In particular, Defendant has not

26    demonstrated that there are available conditions or a combination of conditions that would

27    reasonably assure his presence.  In particular, the Court notes the following:

28

United States District Court

For the Northern District of California

1          a.          Defendant specifically violated the instructions of the Pretrial Services

2    officer, and the Court, by leaving Newbridge.

3          b.          Defendant has in the past absconded from supervision, failed to report for

4    counseling, and left residential treatment without completing the program.

5          c.          Defendant has repeatedly violated probation and parole in the past.

6          d.          Defendant has longstanding substance abuse and mental health issues.

7          e.          Defendant has a substantial criminal record, including two felonies and

8    multiple misdemeanors.  In addition, the Court notes that none of the release options proffered by

9    Defendant are available in this case.  Defendant has been terminated from the Newbridge program.

10   While Defendant suggests that he be confined to a halfway house, both of the halfway houses in this

11   area, in Oakland and in San Francisco, have refused to house Defendant.[2]  Under the circumstances,

12   the Court cannot conclude by clear and convincing evidence that the release conditions available to

13   the Court will reasonably assure Defendant's appearances in Court.

14        In addition to the reasons stated above, the Court finds by clear and convincing evidence that

15   Defendant DAVID STEVENS has violated conditions of release, and is unlikely to abide by any

16   conditions or combination of conditions of release. Accordingly, pursuant to 18 U.S.C. §3148, the

17   Order of Pretrial Release is REVOKED, and Defendant is remanded to the custody of the United

18   States Marshal.

19                                         CONCLUSIONS

20        The Court HEREBY ORDERS as follows:

21        1.          Defendant DAVID STEVENS shall be committed to the custody of the Attorney

22   General for confinement in a corrections facility separate, to the extent practicable, from persons

23   awaiting or serving sentences or being held in custody pending appeal.

24

25        [2]  Both halfway houses cited the reasons for the Newbridge termination – which Defendant
asserts was justified – as their basis for denying admission to Defendant. The Court acknowledges that
26   this puts Defendant in a difficult position – he must proffer viable alternative release conditions, and,
he believes, is prevented from doing so by the allegedly false accusations that created the need for
27   alternative placement in the fist instance.  Nonetheless, the Court is not in a position to order the
halfway houses to accept a releasee they will not accept.  Nor would the Court do so, where Defendant,
28   as here, has repeatedly violated the conditions of his release by this and other courts.

1    2.    Defendant DAVID STEVENS shall be afforded reasonable opportunity for private

2 consultation with counsel; and

3    3.    On order of a court of the United States or on request of an attorney for the government,

4 the person in charge of the corrections facility in which the person is confined shall deliver DAVID

5 STEVENS to a United States Marshal for the purpose of an appearance in connection with a court

6 proceeding.

7    IT IS SO ORDERED.

8

9 Dated: April 3, 2006

10    JOSEPH C. SPERO
     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**United States District Court**
For the Northern District of California